IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:10-cv-08043-IPJ-MHH |
| | ) | Crim. No. 2:08-cr-480-IPJ-PWG |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

# **REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 2255, movant Michael Anthony Bailey asks the Court to reduce his 46 month sentence. The Court imposed the sentence after Mr. Bailey pled guilty to illegal re-entry as a deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Mr. Bailey filed this *pro se* motion to correct his federal sentence on September 24, 2010. (Doc. 1).[1] Mr. Bailey contends that his sentence is too long because his attorney did not properly calculate the number of months that Bailey spent in state custody because of a United States Immigration and

---

[1] The undersigned has two sets of pleadings to prepare this Report and Recommendation: the § 2255 record and the record of Mr. Bailey's criminal proceeding in this Court, Crim. Case No. 2:08-cr-480-IPJ-PWG. Cites to the § 2255 record appear as "Doc. __"; cites to the criminal record appear as "Crim. Doc. __".

1

Customs Enforcement ("ICE") hold, and his attorney did not properly articulate the reason why Bailey should receive credit for the time that he was is state custody under the ICE hold.  After the parties briefed the motion, Mr. Bailey was released from prison.  On the record before it, the undersigned recommends that the District Court deny Mr. Bailey's § 2255 motion because it is moot.

**I.     PROCEDURAL HISTORY AND BACKGROUND**

Mr. Bailey is a citizen of Jamaica.  (Crim. Doc. 1-1, p. 2; Crim. Doc. 26, p. 2).  He and his parents immigrated to the United States when he was a child.  (Crim. Doc. 17, p. 3).  In February, 2000, ICE deported Mr. Bailey to Jamaica after he was convicted of aggravated battery.  (Crim. Doc. 1-1, p. 2; Crim. Doc. 16, p. 6).  After ICE deported him, Bailey returned to the United States without first obtaining the consent of the Attorney General or the United States Secretary of Homeland Security.  (Crim. Doc. 1-1, pp. 2-3; Crim. Doc. 21, p. 1).

In July, 2006, state police arrested Bailey in Tuscaloosa County, Alabama, on a charge of trafficking in marijuana.  (Doc. 3-1, p. 1; Crim. Doc. 16, p. 5).  When he was arrested, Bailey gave the police a false name and presented as identification a California driver's license.  The license stated that Jimmy Henry McDougle (i.e. Mr. Bailey) was born in California.  (Doc. 3-1, p. 1; Crim. Doc. 1-1, p. 1).  Bailey was released on bond on the state trafficking charge.

Eventually, state authorities discovered that Mr. Bailey was using a false name and false identification. In March, 2007, nearly eight months after his initial arrest, Tuscaloosa County authorities arrested Bailey again and charged him with providing a false name during a criminal investigation. (Doc. 3-1, pp. 1-2; Crim. Doc. 1-1, p. 1). The state authorities contacted ICE, and ICE placed a hold on Mr. Bailey. (Doc. 3-1, p. 2).

Bailey remained in state custody from March, 2007 until November, 2008 when ICE took him into custody. (Doc. 3-2, p. 1; Crim. Doc. 1-1, p. 2). On November 5, 2008, the Government filed a criminal complaint against Bailey. The Government alleged that Bailey violated 8 U.S.C. § 1326(a). (Crim. Doc. 1). That same day, at an initial appearance in federal court, a magistrate judge advised Mr. Bailey of his rights and appointed an attorney to represent Mr. Bailey. (Crim Doc. November 5, 2008 minute entry). On November 25, 2008, the Grand Jury indicted Mr. Bailey under 8 U.S.C. § 1326(a) and (b)(2) for unlawful re-entry by an alien who had been previously deported and removed for commission of an aggravated felony. (Crim. Doc. 5).

On January 22, 2009, Bailey entered a blind guilty plea. (Crim. Doc. 26, p. 2). At the plea hearing, Mr. Bailey reported to the District Court that he was satisfied with the way his attorney had handled his case and that he had no

complaints about anything his attorney did or did not do in connection with his case. (Crim. Doc. 26, p. 4). Mr. Bailey also represented that he had enough time to discuss both the facts of his case and his constitutional rights with his lawyer. (Crim. Doc. 26, p. 4). In connection with his plea, Bailey executed a Guilty Plea Advice of Rights Certification. (Crim. Doc. 15).

At the plea hearing, the District Court asked Mr. Bailey if he understood that he faced a maximum penalty of not more than 20 years and a supervised release term of not more than three (3) years for the charged offense of illegal re-entry. (Crim. Doc. 26, p. 7). Mr. Bailey replied: "Yes, ma'am." (*Id.*). The District Court also explained to Mr. Bailey that it had a duty to identify an appropriate sentencing range based on the federal sentencing guidelines and then determine a reasonable sentence based on the facts of the case. (Crim. Doc. 26, p. 7). Finally, the District Court advised Mr. Bailey that if he pled guilty, sentencing would be the only thing left for the Court to do. (Crim. Doc. 26, p. 10). Bailey said he understood. (*Id.*).

Before the sentencing hearing, defense counsel filed a sentencing memorandum and a motion for downward departure from the sentencing guidelines. (Crim. Docs. 16, 17). In the motion for downward departure, counsel stated that 18 U.S.C. § 3553 (A) and *United States v. Booker*, 125 S.Ct. 738

(2004), authorized the Court to impose a sentence outside the United States Sentencing Guidelines. (Crim. Doc. 16, p. 1). Counsel argued that in Mr. Bailey's case, the advisory guideline sentence range of 46-57 months exceeded the sentence required to achieve the goals set forth in 18 U.S.C. § 3553 (a)(2). (Crim. Doc. 16, p. 2). In making this argument, defense counsel pointed out that Mr. Bailey already had spent more than two years in jail:

> Instead of taking Defendant into Federal Custody and proceeding to prosecute him or have him deported, ICE agents returned him to Tuscaloosa County, where he stayed in jail until November 3, 2008 when picked up by the United States Marshal's office as there was a hold for his detention due to the case sub judice. From July 17, 2006 to October 30, 2008 (when he plead guilty to trafficking marijuana in Tuscaloosa County) he was not able to get released on bond due to the immigration detainer placed on him by ICE. If not for that detainer, the Defendant would have been eligible for release on bond. Because of the hold placed by ICE and their decision not to keep him in Federal Custody when they discovered who he was on July 17, 2006, the defendant has been consistently incarcerated since being arrested by Tuscaloosa County.
>
> The Defendant spent 27 months in the Tuscaloosa County jail because of the inaction of ICE, therefore, the Defendant opines that this time should be taken into consideration when this Honorable Court determine [sic] his sentence. The Defendant should therefore receive a downward departure from the guidelines to comply with the stated provision of 18 U.S.C. 3553 (a) and applicable case law. A sentence that takes into account the time he served in Tuscaloosa County (either with a downward departure, or a finding by this Court that he be given credit for those 27 months) is called for and certainly would comply with the states [sic] purpose of 18 U.S.C. 3553 (a).

(Crim. Doc. 16, p. 6).

In addition to the motion for downward departure, Mr. Bailey's lawyer filed a sentencing memorandum in which he urged the Court to impose a sentence that was less than the guideline sentence range of 46-57 months. (Crim. Doc. 17). Again, counsel cited *Booker*, arguing that the District Court "had the ability to fashion a sentence [that] is vastly different than the draconian mandates previously required." (Crim. Doc. 17, p. 1). In addition, counsel argued that Court should treat the sentencing guidelines as advisory and use only one of them in determining Mr. Bailey's sentence. (*Id.*). Counsel also asked the Court to consider mitigating circumstances. (*Id.* at pp. 3-4). Those circumstances included the fact that Mr. Bailey returned to the United States to make money to support his wife and children in Jamaica; he had no plans for a lengthy stay; and he never imagined that he would be subject to such a long term of imprisonment for returning to the United States. (*Id.* at p. 3). Counsel argued that Bailey turned to illegal activity to provide support for his family. (*Id.* at p. 4). Finally, counsel requested one of three sentencing options: " (1) sentence him to 'time served' and allow ICE to proceed with his deportation, (2) give him credit for the time he served in Tuscaloosa County jail, or (3) reduce his sentence by the 27 months he spent in Tuscaloosa County after his identity was known to ICE." (Crim. Doc. p.

5).

On January 22, 2009, the District Court sentenced Mr. Bailey to a prison term of 46 months. (Crim. Doc. 27, p. 10). At the sentencing hearing, defense counsel renewed the arguments that were made in the motion for downward departure and the sentencing memorandum. Defense counsel argued that the District Court should, "take into consideration the 27 months he was in state custody after immigration knew who he was and knew that he was supposed to be deported." (*Id.* at p. 3). Counsel told the Court that Mr. Bailey had not seen his family since 2004 and that while Mr. Bailey knew he was not supposed to re-enter the United States, he was not aware of the consequences for doing so. (*Id.* at p. 4). To support his argument for a sentence outside of the guideline range, defense counsel cited two opinions from the Third Circuit Court of Appeals. (*Id.* at p. 3).

The District Court was unpersuaded that a sentence variance was warranted in Mr. Bailey's case. The Court stated:

> Well, I hate to tell you, but I don't think that calls for a variance. These illegal reentry cases are straight out of what is expected and planned by the sentencing commission. And I know it has nothing personal to do with you, Mr. Bailey, but that's just – it's not a case I think is appropriate for a variance. . . . I think a sentence in the low end of the guidelines is sufficient. Under the circumstances and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Michael Anthony Bailey, be and hereby is committed to the custody of the Bureau of Prisons to be in prison for a term of 46 months

> as to Count 1, which is the lowest I can give you under the guidelines, which I think is appropriate in this case. You are given credit for the time you have served. Today is April 7, '09, and you have been in federal custody since 11/3/08, so at least you are given credit for that time already.

(Crim. Doc. 27, pp. 10-11).

On May 11, 2009, Mr. Bailey appealed his 46-month sentence to the United States Court of Appeals for the Eleventh Circuit. (Crim. Doc. 22). On appeal, Bailey argued that his sentence was substantively unreasonable and longer than necessary to accomplish the sentencing goals of § 3553(a) because the District Court did not "give[] him credit for 27 months served in state custody during prosecution on a state charge, or acknowledge[] the time through a downward departure." (Crim. Doc. 29, p. 5). The Eleventh Circuit affirmed, concluding that the District Court did not abuse its discretion in declining to impose a sentence below the guideline range. (*Id.* at p. 6). In doing so, the Court stated:

> The record demonstrates Bailey has not met his burden to demonstrate his sentence was greater than necessary to achieve the goals listed in § 3553(a). Bailey cites no authority to support the proposition that a reasonable sentence compels a federal court, imposing a federal sentence, to credit a defendant with time served while in state custody during the course of a state prosecution. He has thus failed to satisfy his burden of establishing his guideline sentence was unreasonable. *Fiores*, 572 F.3d at 1270. Moreover, the district court considered Bailey's argument and provided a reasoned basis for exercising its authority. *Livesay*, 525 F.3d at 1090. Therefore, the district court did not abuse its discretion in declining to impose a sentence below the guideline range.

(Crim. Doc. 26, p. 6).

Bailey filed the instant § 2255 motion on September 24, 2010. (Doc. 1). In it, he contends that his counsel was ineffective at the sentencing phase of his criminal proceeding because his attorney "failed to request that the court grant the time served in [state] custody from the date of federal detainer under U.S.S.G. § 5G1.3(b), Application note 2 . . ." as a "credit[] towards his federal sentence." (Doc. 1, pp. 4, 15). Bailey also asserts that the Court's decision not to give him credit for the 19 months that he was detained before sentencing "deprived him of his liberty and freedom under the Sixth Amendment and Due Process Clause." (Doc. 1, p. 14). Mr. Bailey asks the Court to "[r]eimpose[] the same sentence but grant credit from the date of the federal detainer or from on the date federal agents took custody of Petitioner for court appearance." (Doc. 1, p. 12). The Government responded to Mr. Bailey's motion on October 20, 2010. (Doc. 3). Bailey filed his response in support of his motion on November 3, 2010, and he submitted an affidavit in support of his response. (Docs. 5, 7).

After the parties finished briefing Mr. Bailey's motion, Mr. Bailey was released from custody.[2] Mr. Bailey did not update his mailing address in the

---

[2]The Court learned of Mr. Bailey's release by consulting the Bureau of Prisons website. It states that Mr. Bailey was released on March 8, 2012. www.bop.gov.

record, but he probably has returned to Jamaica.[3]

## II.    DISCUSSION

Mr. Bailey's §2255 motion is straightforward.  Mr. Bailey contends that his attorney was ineffective because during the sentencing phase of his case, the attorney did not ask the Court to give Mr. Bailey credit for the 19 months that Bailey served in state custody after ICE placed a hold on him.  (Doc. 1).  Mr. Bailey contends that he is entitled to credit for the 19 months that he served in state custody because absent the ICE hold, he would have been released on bond on his state charges.  Bailey's motion for a reduction of his sentence is moot because he no longer is incarcerated.

An issue becomes moot when a prisoner receives relief before a court resolves his motion.  When that happens, the controversy between the parties disappears, and there is no issue for the court to resolve.[4]  Mr. Bailey effectively

---

[3] In his § 2255 motion, Mr. Bailey stated, "Petitioner will be deported to Jamaica upon completion of his sentence." (Doc. 1, p. 12; *see also* Doc. 1, p. 18).  The transcript from the Sentencing Hearing indicates that the Court anticipated, and Mr. Bailey's attorney understood, that Mr. Bailey would be deported when he was released from prison.  (*See* Crim. Doc. 27, p. 13) (". . . [THE COURT:]  the special condition is you are supposed to be turned over to the U.S. Marshal and then turned over for deportation."); (Crim. Doc. 27, p. 4) ([MR. BROWER:] "One of those being that he is going to be deported no matter what when he gets out of here or gets out of custody.").

[4] *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. *Local No. 8-6, Oil Chemical and Atomic Workers Intern. Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373 (1960) . . . our impotence 'to review moot cases derives from the requirement

has received the relief that he requested in his §2255 motion because, according to the records of the Federal Bureau of Prisons, Mr. Bailey was released from custody on March 8, 2012.

A §2255 motion does not automatically become moot when a prisoner is released from custody. "A habeas petitioner who has been released from imprisonment subsequent to his filing a [§ 2255 motion] must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Secretary for Dept. of Corrections*, 494 F.3d 1282, 1285 (11th Cir. 2007); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). After a prisoner is released, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

"When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that 'a wrongful criminal conviction has continuing collateral consequences' sufficient to

---

of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.' *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394, 11 L.Ed.2d 347 (1964)").

satisfy the injury requirement" and constitute a viable case or controversy. *U.S. v. Wilson*, 525 F.Supp. 2d 691, 694 (D. Del. 2007) (citing *Spencer v. Kemma,* 523 U.S. 1 (1998)).  This presumption does not apply when a prisoner challenges only the length of his sentence, not some aspect of the conviction itself. *Guzman v. United States,* 2007 WL 1821698 *1 (S.D.N.Y. June 26, 2007) ("Since the petition is directed at his sentence, not his conviction, and thus there is no 'collateral consequence' . . . the petition should be dismissed as moot."); *see also Davis v. United States,* 2004 WL 1488371 *4 (S.D.N.Y. July 1, 2004) ("Because Davis has been released from prison and subsequently deported, the Court can no longer provide him the primary relief sought in his habeas corpus petition.  His challenges to his sentence are therefore moot, and must be dismissed.").

Here, Mr. Bailey does not attack the validity of his guilty plea; he challenges only the length of his sentence.  (Doc. 1, p. 12).  Consequently, because Mr. Bailey has been released from prison, the Court can "no longer provide him the primary relief sought in his habeas petition." *See Davis*, 2004 WL 1488371 at *3. Accordingly, Mr. Bailey's challenge to his sentence is moot.

When the issue that a prisoner presents in a § 2255 motion becomes moot, the Court loses jurisdiction over the proceeding.  And when the Court lacks jurisdiction, it must dismiss the action pending before it. *North Carolina v. Rice*,

404 U.S. 244, 246 (1971) ("'Moot questions require no answer.' *Missouri, Kansas & Texas R. Co. v. Ferris*, 179 U.S. 602, 606, 21 S.Ct. 231, 233, 45 L.Ed. 337 (1900). Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions,' *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893).").[5]

---

[5] Were the Court to reach the merits of Mr. Bailey's ineffective assistance of counsel argument, the undersigned would recommend that the Court deny the § 2255 motion. To prevail on a claim of ineffective assistance of counsel, the movant must establish deficient performance, i.e. performance by counsel that fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687-688 (1984). The movant also must demonstrate that he was prejudiced by the purported deficient performance. *Id.* The record contradicts Mr. Bailey's contention that his attorney failed to argue to the Court that Bailey should receive credit for time that he spent in state custody because of the hold that ICE placed on him. For example, in his sentencing memorandum, Mr. Bailey's attorney urged the Court to choose one of three options: sentence Mr. Bailey to "time served" and allow ICE to proceed with his deportation; give Mr. Bailey credit for the time he served in the Tuscaloosa County jail; or reduce Mr. Bailey's sentence by the 27 months he spent in Tuscaloosa County after ICE placed a hold on him. (Crim. Doc. 17, p. 5). In a motion for downward departure, defense counsel argued that, "From July 17, 2006 to October 30, 2008 (when he plead guilty to trafficking marijuana in Tuscaloosa County) he was not able to get released on bond due to the immigration detainer placed on him by ICE. If not for that detainer, the Defendant would have been eligible for release on bond. Because of the hold placed by ICE and their decision not to keep him in Federal Custody when they discovered who he was on July 17, 2006, the defendant has been consistently incarcerated since being arrested by Tuscaloosa County . . . ." (Crim. Doc. 16, p. 6).

In his "Rebuttal to the Government's Response," Mr. Bailey contends that at sentencing, he asked his attorney to seek 18 months of credit, not 27 months of credit. (Doc. 5, p. 2). The record reveals that defense counsel miscounted the number of months that Mr. Bailey served in state custody because of the ICE hold, but defense counsel did not perform unreasonably because he conveyed the legal argument on which Mr. Bailey's request for credit rests. Moreover, Mr. Bailey has not demonstrated prejudice – the Court sentenced him to a term of 46 months, the lowest sentence he could receive under the Guidelines. (Crim. Doc. 27, p. 10). The Court

## III.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Court deny this § 2255 motion and dismiss it because the Court lacks jurisdiction over this matter.

## IV.  NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is

---

concluded that Bailey's case did not call for a variance from the sentencing guidelines because "[t]hese illegal reentry cases are straight out of what is expected and planned by the sentencing commission." (Crim. Doc. 27, p. 10). On this record, there is no indication that the Court would have sentenced Bailey differently if his attorney had asked the Court to provide credit for 18 months, instead of 27 months. Accordingly, Bailey's ineffective assistance of counsel claim lacks merit.

made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to serve a copy of this Report and Recommendation upon Mr. Bailey and counsel for the Government.

**DONE** this 19th day of August, 2013.

_____
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE